**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. **3:13-CR-128-L** |
| | § | |
| **STERIC PAUL MITCHELL (1)**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Steric Paul Mitchell's ("Mitchell" or "Defendant") (1) Motion to Strike Surplusage, (2) Motion to Sever Count Four of the Indictment, (3) Motion to Dismiss Counts One and Three of the Indictment, all filed on August 9, 2013, and the United States of America's ("the government") Response to Defendant's Motion to Dismiss, Motion to Strike Surplusage, and Motion to Suppress Statement ("Response"), filed August 23, 2013. After careful consideration of the motions, response, record, and applicable law, the court **denies** the Motion to Strike Surplusage, **grants** the Motion to Sever Count Four of the Indictment, and **denies** the Motion to Dismiss Counts One and Three of the Indictment.

**I. Background**

On April 10, 2013, Defendant was named in a four-count indictment ("Indictment") charging him with (1) Conspiracy to Commit Kidnapping, in violation of 18 U.S.C. § 1201(a); (2) Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (2); (3) Kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and (2); and (4) Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922 (g)(1) and 924(e)(1).

The Indictment alleges that beginning on or about May 6, 2012, Defendant did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree together, with other persons both known and unknown to the Grand Jury, to commit certain offenses against the United States, to-wit: kidnapping; that on or about that same date, Defendant did knowingly use, carry, and brandish a firearm, to wit: a Kimber, Model Custom II, .45 caliber pistol, during and in relation to a crime of violence, namely conspiracy to commit kidnapping; that on or about that same date, Defendant, did willfully and unlawfully seize, confine, inveigle, kidnap, abduct, carry away, and hold K.R., the victim, for some purpose and benefit, and the defendants did use instrumentalities of interstate and foreign commerce, to wit: (1) a firearm, (2) motor vehicles, and (3) cellular telephones, in committing and in furtherance of the commission of this offense; and that from on or about May 5, 2012, through on or about May 7, 2012, Defendant, having being convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess in and affecting interstate and foreign commerce, a firearm, to wit: a Ruger, Model 10/22, .22 caliber rifle, a Kimber, Model Custom II, .45 caliber pistol, a Soviet Union Military Style, Model M44, 7.62x54 millimeter caliber rifle, and a Bushmaster, Model XM15-E2S, .223 caliber rifle. This case is scheduled for trial on October 29, 2013.

On August 9, 2013, Defendant filed the Motion to Strike Surplusage, requesting that the court strike the language mentioning "sexual assault," "rape," and "sale into sex slavery" in Count One. Defendant argues that this language is highly prejudicial and is not necessary to prove conspiracy to commit kidnapping, the offense asserted in Count One. The government opposes the motion.

On August 9, 2013, Defendant also filed the Motion to Sever Count Four of the Indictment, asserting that the three rifles referred to in Count Four are unrelated to the other counts of the Indictment and will therefore require proof of different facts. The government opposes the motion.

Finally, on August 9, 2013, Defendant also filed the Motion to Dismiss Counts One and Three of the Indictment, arguing that the statute criminalizing the conduct should be void for vagueness and that the statute enables discriminatory or arbitrary enforcement. The government opposes the motion.

## II. Motion to Strike Surplusage

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). Federal Rule of Criminal Procedure 7(d) states that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). A court can strike surplusage if the language is "irrelevant, inflammatory, and prejudicial." *United States v. Graves*, 5 F. 3d 1546, 1550 (5th Cir. 1993) (citing *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971)). The court should not strike allegations that are relevant, regardless of how prejudicial or inflammatory they may be to the defendant. *See, e.g.*, *United States v. Vogel*, 2010 WL 2465359 (E.D. Tex. May 21, 2010). If "the charge is not materially broadened and the accused is not misled," the surplusage should not be stricken. *See United States v. Quintero*, 872 F.2d 107, 111 (5th Cir. 1989) (citing *United States v. Trice*, 823 F.2d 80, 89 n.8 (5th Cir. 1987)). This is a strict standard, and surplusage is therefore rarely stricken. *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971).

Defendant first argues that any reference to conduct beyond what is necessary to prove the charges in the Indictment and any reference to conduct that is not inextricably intertwined with the offense conduct should be stricken. Def.'s Mot. to Strike Surplusage 1. Defendant specifically seeks to strike the language referring to sexual assault and the selling of the alleged victim. *Id*. Mitchell contends that references to sexual assault, rape of the victim, and selling the victim into sex slavery are not part of the statute's definition of kidnapping. Mitchell states that these references are not a part of the alleged commission of the offense, and they are their own criminal offenses. *Id*. at 4. Finally, Defendant argues that these references are highly prejudicial. *Id*. at 5.

In response, the government argues that it must prove that Defendant kidnapped a person for some benefit. Resp. 7. The government states that, since it must prove this "benefit," any language regarding the purpose of committing the offense is necessary to prove an essential element of the crime. *Id*. at 8. Additionally, the government asserts that since kidnapping involves a person being held against her will, the allegations of "rape" and "sex slavery" demonstrate that the victim was in fact held against her will. *Id*. at 8.

While the allegations of sexual assault, rape, and the sale of a woman into sex slavery will be prejudicial towards Defendant, these allegations are relevant to the charged offense of kidnapping. That Defendant allegedly raped the victim and attempted to sell her into sex slavery is highly probative in proving that the victim was held against her will and in proving that Defendant kidnapped her so that he could sexually assault her and receive the proceeds from any possible sale.

The federal kidnapping statute punishes anyone who "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds *for ransom or reward or otherwise* any person . . . ." 18 U.S.C. 1201(a) (2006) (emphasis added). The Fifth Circuit has clearly held that "sexual

gratification" is "sufficient to satisfy the requirement that the person be held for ransom or reward or otherwise." *United States v. McBryar*, 553 F.2d 433, 434 (5th Cir. 1977); *see also United States v. Williams*, 998 F.2d 258, 286 (5th Cir. 1993) (citing *McBryar* for the fact that under 18 U.S.C. § 1201(a)(1) "establishing motive of sexual gratification will suffice" as the "benefit alleged to be sought by kidnapper"). Therefore, the court determines that the language referring to "sexual assault," "rape," and "sex slavery" is relevant and will deny Defendant's motion to strike the surplusage in Count One.

**III. Motion to Sever Count Four of the Indictment**

Federal Rule of Criminal Procedure 8(a) states that the indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged whether felonies or misdemeanors or both are of the same or similar character, or are based on the same act or transactions, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Joinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder." *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995) (citing *United States v. Park*, 531 F.2d 754, 761 (5th Cir. 1976)). Additionally, Federal Rule of Criminal Procedure 14(a) states that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

Defendant argues that the majority of firearms in this count is not related to the kidnapping count or to the 924(c) count. Def. Mot. to Sever Count Four 1. According to Defendant, three of the firearms mentioned in Count Four are not at all similar to the firearm allegedly used in the kidnapping. *Id*. at 3. Defendant also asserts that the proof of possession of these weapons is

different from the proof needed to prove the elements of the other counts. *Id*. Defendant also expresses his concern that, if this count is not severed, the jury will be told that he is a convicted felon and may be inclined to convict him because he is a "bad person." *Id*. at 1, 5.

In response, the government states that the kidnapping and the felon in possession of a firearm occurred in the same act or transaction and they are both connected to a common scheme or plan, since Defendant allegedly used one of the firearms referred to in Count Four in the kidnapping. Resp. 23. According to the government, therefore, the joinder of all four counts is proper. *Id*. at 24. The government further contends that the same witnesses who are testifying about the other counts will also be testifying about Count Four. *Id*. Because many of the same witnesses will be testifying about all four counts, the government explains that most of the evidence will be presented in support of the conviction for both kidnapping and felon in possession of a firearm, and that there will therefore be no prejudice against Defendant. *Id*. at 25. The government also asserts that all four firearms mentioned in Count Four were used in the same act or transaction of the kidnapping because one gun was allegedly used in furtherance of the kidnapping and the other three firearms were found at the same location of the victim. *Id*. at 22. Additionally, the government states that there will be witnesses who will testify that they saw the guns over a three-day period surrounding the kidnapping. *Id*. at 24.

Here, it is clear, at a minimum, that Count Four is related to the kidnapping and brandishing counts (Counts 2 and 3) in the Indictment, *to the extent that one of the firearms was used in the kidnapping and brandishing*. Defendant allegedly used one of the firearms (the Kimber, Model Custom II, .45 caliber pistol) in kidnapping the victim. Given that Defendant is a prior felon, his

possession of this firearm during this alleged criminal act is clearly related to the kidnapping and brandishing charges.[*]

The crux of the issue, however, is whether the felon-in-possession-of-a-firearm charge presents a special prejudice that would justify its severance. The court holds that it does. The Fifth Circuit has explained its overall approach to joinder of this type of charge:

> To prosecute these charges, the Government must introduce evidence of the defendant's prior felonies, evidence that would otherwise be inadmissible in most cases. We have noted that, sometimes, not even a limiting jury instruction can cure the prejudice inherent in joining a charge of this nature. But such a charge need not always be severed. We have permitted joinder when the weapon was found during the investigation of the other offenses charged, when the weapon might have been available for use during the other offenses, and a limiting instruction was given. We have been less inclined toward joinder when the firearm was less relevant to the other offenses, such as when it was found at the time of arrest, months after the other indicted crimes; when the possibility of prejudice seemed especially problematic, such as when the evidence for the other crimes was "thin," though legally sufficient; or when the prosecutor's motives for adding the charge seemed suspect or was merely a technique to introduce evidence of the defendant's bad character into evidence.

*United States v. Turner*, 674 F.3d 420, 430 (5th Cir. 2012) (footnotes omitted).

The court realizes that this case is not one in which the firearm is less relevant to the kidnapping and brandishing charges, nor is it one in which the evidence for the other crimes is

[*]Plaintiff cites two Fifth Circuit opinions for support of the requested severance: *United States v. Singh*, 261 F.3d 530 (5th Cir. 2001); and *United States v. Holloway*, 1 F.3d 309 (5th Cir. 1993). *Singh* can easily be distinguished from the case at bar given that "there was no evidence that Singh's alleged possession of the gun had any connection to his [underlying crime]." *Singh*, F.3d at 533. In Defendant's case, there is strong evidence that his possession of the gun had a direct connection to the kidnapping. Additionally, in *Holloway*, the defendant was charged with felon-in-possession "of the weapon found on him at the time of his arrest - some two months after the robberies had occurred." 1 F.3d at 309. The court in *Holloway* stated that "this remote weapons charge should have never been joined with other counts of Holloway's indictment in the first place." *Id*. at 311-12. For obvious reasons, this case can also be distinguished from the case at bar. In *Holloway*, the government did not even contend that the weapon found when Holloway was arrested was the weapon used in the robberies. *Id*. at 310-11. Here, the government does assert that Defendant used at least one of the firearms during the kidnapping. Additionally, Defendant is charged with having the firearm at the time of the kidnapping, not two months later. Unlike in *Holloway*, there is a substantial basis for the conclusion that the possession of the firearm and the kidnapping were a part of a common scheme.

"thin." Instead, this is a case in which the probative value that may be gained by joining the felon-in-possession charge will be substantially outweighed by the danger of undue prejudice. As the Fifth Circuit has clearly stated, there are "obvious dangers inherent in trying a felon-in-possession count together with other charges, as it acts as a conduit through which the government may introduce otherwise inadmissible evidence of the defendant's prior convictions, thereby potentially tainting the reliability of the verdict rendered by the jury on the other counts." *United States v. McCarter*, 316 F.3d 536, 538 (5th Cir. 2002). "The grant or denial of a Rule 14 severance is within the sound discretion of the trial court." *United States v. Scott*, 659 F.2d 585, 589 (5th Cir. 1981). Therefore, the court must evaluate the danger of joining this type of charge.

The government contends that the charge should be joined since the same witnesses who are testifying about Counts One, Two, and Three will also be testifying about Count Four (the felon-in-possession charge). Resp. 24. While it is true that joining the felon-in-possession charge would save time and judicial resources, the paramount objective of the court is to provide a fair trial for the litigants. That objective cannot be accomplished if Defendant is unfairly and unduly prejudiced by evidence that would otherwise be inadmissible. If the proper predicate is laid, the court has no concerns with the government introducing evidence of one firearm, the Kimber, Model Custom II, .45 caliber pistol, and its relevance to the kidnapping and brandishing charges (Counts Two and Three); however, introduction of this firearm is a far cry from taking the next step and allowing the introduction of three additional firearms and evidence that Defendant has been previously convicted of a felony. There can be a discussion of the firearm used in the kidnapping and brandishing without a discussion of Defendant's status as a prior felon.

A limiting jury instruction may help eliminate the undue prejudicial nature of particular evidence; however, some evidence is so powerful that even the best worded and most well-intentioned jury instruction cannot eliminate the undue prejudicial effect. As the Fifth Circuit has aptly observed:

> Although juries are generally presumed to have followed jury instructions, we recognize that, oftentimes, "[t]o tell a jury to ignore the defendant's prior convictions in determining whether he . . . committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond mortal capabilities."

*McCarter*, 316 F.3d at 539 (footnote omitted). A limiting instruction under these circumstances would not ensure the desired effect that the jury not base its decision on consideration of evidence that Defendant is a felon.

The bottom line is that the court does not want the jury to be unduly prejudiced by evidence of a prior felony and use it as the basis for any convictions it may return against Defendant. If Defendant is going to be convicted, such convictions must be based on proof beyond a reasonable doubt that he committed the offenses alleged in the Indictment, and not because he is a previously convicted felon. *Moreover, evidence that Defendant is a felon is neither relevant nor necessary for the government to obtain a conviction on Counts One, Two, and Three of the Indictment*. Accordingly, joining the felon-in-possession charge in this particular situation simply presents too great a risk of undue prejudice and is fundamentally unfair to Defendant. For these reasons, the court will grant the motion to sever Count Four of the Indictment.

## IV. Motion to Dismiss Counts One and Three of the Indictment

A penal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary

and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (citations omitted); *see also United States v. Brooks*, 681 F.3d 678, 696 (5th Cir. 2012) (citation omitted). Additionally, "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." *Connally v. General Const. Co.*, 269 U.S. 385, 391 (1926) (citations omitted).

Defendant contends that 18 U.S.C. § 1201(a), a statute that criminalizes the use of any means, facility, or instrumentalities of interstate commerce to commit or further the commission of the offense of kidnapping, should be void for vagueness. Def. Mot. to Dismiss Counts One and Three of the Indictment at 3. As Defendant states, Count One charges Defendant with conspiring to violate this statute, and Count Three charges Defendant with the substantive violation of this statute. *Id*. at 4. Defendant argues that the statute "does not provide ordinary citizens with fair notice of what conduct is prohibited." *Id*. at 3. Defendant also states that the statute also "fails to provide even minimal guidelines for its enforcement." This deficiency, according to Defendant, "enables arbitrary and discriminatory enforcement of the statute." *Id*. More specifically, Defendant argues that the phrase "any means, facility, or instrumentality of interstate or foreign commerce" is neither defined by the statute nor definable by the ordinary citizen. *Id*. at 12. This vagueness, according to Defendant, leads to the statute criminalizing federally "virtually every intrastate kidnapping." *Id*. at 14.

In response, the government contends that the language at issue ("any means, facility, or instrumentality of interstate or foreign commerce") is used throughout the United States Code and within many criminal statutes. Resp. 10. Despite the frequent use of this phraseology, the codes and

statutes have survived void-for-vagueness challenges. *Id*. The government argues that a person of ordinary intelligence can certainly understand what type of conduct the statute prohibits. *Id*. at 13. Finally, the government asserts that the statute does not enable discriminatory or arbitrary enforcement since it does not federalize all kidnappings. *Id*. 14-15. Additionally, the government contends that the possibility of a statute being prosecuted at both the state and federal levels does not make the statute unconstitutional. *Id*. at 15.

The court agrees with the government. The phrase at issue clearly includes the involvement of a car and a telephone. A car and a telephone, both of which were allegedly used in the kidnapping, can be classified as a means, facility, or instrumentality of interstate or foreign commerce. An ordinary person can in fact determine what the statute criminalizes. Simply because the statute is broad does not mean that it cannot put ordinary citizens on notice. As the government notes, the phrase at issue has been reviewed by many courts for vagueness and has survived any challenge on those grounds. *See, e.g.*, *United States v. Gilstrap*, 389 F.2d 6, 8 (5th Cir. 1968) (holding that 18 U.S.C. § 1952 ("[w]hoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to . . . .") was not unconstitutionally vague and indefinite). The Fifth Circuit has held that a statute that used both "facility *of* interstate commerce" and "facility *in* interstate commerce" was not vague and that "of" and "in" were considered and used by Congress as synonyms in regards to that particular statute. *United States v. Marek*, 238 F.3d 310, 321 (5th Cir. 2001). The only difference between the statute at issue in that case and the statute here, 18 U.S.C. § 1201(a), is that the statute in *Marek* later defined a "facility of interstate or foreign commerce" as including "means of transportation and communication." 18 U.S.C. § 1958(b)(2) (2006).

The issue, however, is not whether the phrase itself is void for vagueness. The issue here is instead whether a car or telephone's *intrastate* use qualifies as a means, facility, or instrumentality of interstate commerce. The court holds that it does. The Fifth Circuit addressed a similar issue when it interpreted the federal "murder-for-hire" statute, 18 U.S.C. § 1958. *See generally Marek*, 238 F.3d 310 (5th Cir. 2001). The murder-for-hire statute criminalizes"[w]hoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce . . . ." (18 U.S.C. § 1958(a) (2006)). As stated above, the statute further defines "facility of interstate or foreign commerce" as including "means of transportation and communication." 18 U.S.C. § 1958(b)(2) (2006). When the Fifth Circuit addressed the interpretation of this statute, it cited to the Supreme Court's decision in *United States v. Lopez*. *Marek*, 238 F.3d at 317 (citing *United States v. Lopez*, 514 U.S. 549 (1995)). "Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities." 514 U.S. at 558. Therefore, "[w]hen Congress regulates and protects under the second *Lopez* category . . . federal jurisdiction is supplied by the nature of the instrumentality or facility used, not by separate proof of interstate commerce." *Marek*, 238 F.3d at 317. "Intrastate use of interstate facilities is properly regulated under Congress's second-category *Lopez* power." *Id*. "Mail and delivery services are not the only 'means of transportation and communication' amenable to congressional Commerce Clause protection under *Lopez* during wholly intrastate use. Interstate commerce facilities that have created a criminal federal jurisdictional nexus during intrastate use include telephones, automobiles,

and airplanes." *Id*. at 318-19 (footnotes omitted). Therefore, the intrastate use of a telephone or automobile does qualify as a "means, facility or instrumentality of interstate commerce."

Finally, the statute at issue does not federalize every single instance of kidnapping. The kidnapping must fall under the factors mentioned in the statute and therefore cannot be enforced in a discriminatory manner. As the government correctly explains, that an instance of kidnapping could be prosecuted at both the state and federal level does not make the statute unconstitutional. There are many situations when a defendant can be prosecuted under both a state and federal statute, since both statutes can criminalize the same conduct. In other words, that a defendant can be prosecuted at both the state and federal level does not mean that the prosecution is arbitrarily executed. For these reasons, the motion to dismiss Count One and Count Three will be denied.

## V. Conclusion

For the reasons herein stated, the court **determines** that the contested language in Count One is relevant to the charged offense and therefore **denies** the Defendant's Motion to Strike Surplusage. The court also **determines** that Count Four should be severed since joinder of the felon-in-possession charge would unduly prejudice Defendant and therefore **grants** Defendant's Motion to Sever Count Four. Accordingly, when this case is presented for trial, the government shall **redact** all references to Count Four and all language in the forfeiture notice of the Indictment that pertains to any firearm other than the Kimber, Model Custom II, .45 caliber pistol. Finally, the court **determines** that 18 U.S.C. § 1201(a) as used in Counts One and Three is not void for vagueness and does not promote discriminatory or arbitrary enforcement, and the court therefore **denies** Defendant's Motion to Dismiss Counts One and Three of the Indictment.

**It is so ordered** this 26th day of September, 2013.

Sam A. Lindsay
United States District Judge