IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. **3:13-CR-128-L-1** |
| | § | |
| **STERIC PAUL MITCHELL (1)**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Steric Paul Mitchell's Motion to Dismiss Indictment Based on Unconstitutionality (Doc. 78) ("Motion"), filed August 15, 2014. Defendant Steric Paul Mitchell ("Defendant" or "Mitchell") argues that the 2006 Adam Walsh Child Protection and Safety Act, which amended the federal kidnapping statute and provided the basis for Defendant's Indictment, is facially unconstitutional. The government contends that this court's prior rulings in this action already addressed and rejected Defendant's arguments. After careful consideration of the motion, response, and applicable law, the court **denies** Defendant's Motion to Dismiss Indictment Based on Unconstitutionality.

The relevant kidnapping statute, 18 U.S.C. § 1201, prohibits unlawful kidnapping in which the offender "uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense." 18 U.S.C. § 1201(a)(1).

Defendant argues that the statute is facially unconstitutional under the commerce clause. Specifically, Defendant argues that the use of an instrumentality of commerce in an intrastate kidnapping does not have a substantial effect on commerce, and that "Congress cannot 'regulate noneconomic, violent criminal conduct based solely on that conduct's aggregate effect on interstate commerce.'" Def.'s Mot. To Dismiss Based on Unconstitutionality 3 (citing *U.S. v. Morrison*, 529 U.S. 598, 617 (2000)). Mitchell further argues that the statute is unconstitutional as it is applied to him, because he never even left Dallas County.

In a footnote, Defendant also argues that "18 U.S.C. § 1201 is impermissibly vague because it authorizes or even encourages arbitrary and discriminatory enforcement." Def.'s Mot. 4 n.3. In a conclusory manner, Defendant argues that the statute lacks a "sufficient governing standard and bridle to federal encroachment and enforcement." *Id.* Defendant also asserts that this argument "was not previously made and ruled upon." *Id.*

The government argues that this court has already rejected both of Defendant's arguments in its Memorandum Opinion and Order (Doc. 40), filed September 26, 2013. The court agrees with the government. The court visited these same issues when ruling on Defendant's Motion to Dismiss Counts One and Three of the Indictment (Doc. 29), filed August 9, 2013, and rejected his arguments that the statute was unconstitutional and impermissibly vague.

The court reiterates its prior rejection of Defendant's arguments regarding the unconstitutionality of the statute. This court previously cited Fifth Circuit authority for the proposition that "intrastate use of interstate facilities is properly regulated under Congress's second-category *Lopez* power." Memorandum Opinion and Order (citing *United States v. Marek*, 238 F.3d 310, 317 (5th Cir. 2001)). Thus, Congress can regulate intrastate use of cars and cell

**Memorandum Opinion and Order - Page 2**

phones  the two instrumentalities used by Defendant in the alleged offense. *See* Memorandum Opinion and Order 11 ("A car and a telephone, both of which were allegedly used in the kidnapping, can be classified as a means, facility, or instrumentality of interstate or foreign commerce.").

Likewise, the court's prior analysis concerning whether the statute is impermissibly vague remains the same. Defendant previously argued that the statute "does not provide ordinary citizens with fair notice of what conduct is prohibited"; "fails to provide even minimal guidelines of its enforcement"; "enables arbitrary and discriminatory enforcement of the statute"; and criminalizes "virtually every intrastate kidnapping." Def. Mot. To Dismiss Counts One and Three of the Indictment 3-4, 14. The court, however, flatly rejected Defendant's arguments that the statute was impermissibly vague in its prior opinion. The court wrote:

> An ordinary person can in fact determine what the statute criminalizes. Simply because the statute is broad does not mean that it cannot put ordinary citizens on notice. As the government notes, the phrase at issue has been reviewed by many courts for vagueness and has survived any challenge on those grounds. *See, e.g.*, *United States v. Gilstrap*, 389 F.2d 6, 8 (5th Cir. 1968) (holding that 18 U.S.C. § 1952 ("[w]hoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to . . . .") was not unconstitutionally vague and indefinite). The Fifth Circuit has held that a statute that used both "facility of interstate commerce" and "facility in interstate commerce" was not vague and that "of" and "in" were considered and used by Congress as synonyms in regards to that particular statute. *United States v. Marek*, 238 F.3d 310, 321 (5th Cir. 2001). The only difference between the statute at issue in that case and the statute here, 18 U.S.C. § 1201(a), is that the statute in *Marek* later defined a "facility of interstate or foreign commerce" as including "means of transportation and communication." 18 U.S.C. § 1958(b)(2) (2006).

Memorandum Opinion and Order (Doc. 40) 12. Although Defendant couches his arguments in slightly different terms, contending that the statute lacks a "sufficient governing standard and bridle to federal encroachment and enforcement," the basis for Defendant's argument is the same as the one raised in his Motion to Dismiss Counts One and Three of the Indictment, which the court has already

**Memorandum Opinion and Order - Page 3**

rejected. The court will not repeat arguments already addressed and rejected by it. Although Defendant did not articulate with specificity the basis for his vagueness argument, the quoted portion of the court's opinion above addresses and rejects Defendant's general objections to the statute.[*] That is, the court has already held that the statute is not impermissibly vague.

Because the statute is not unconstitutional or impermissibly vague, the court **denies** Defendant Steric Paul Mitchell's Motion to Dismiss Indictment Based on Unconstitutionality.

**It is so ordered** this 28th day of January, 2015.

                                    Sam A. Lindsay
                                    United States District Judge

---

[*] Moreover, Defendant did not file a reply and respond to government's contention that the court's prior rulings foreclose Defendant's arguments.

**Memorandum Opinion and Order - Page 4**