IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. **3:13-CR-128-L-1** |
| | § | |
| **STERIC PAUL MITCHELL (1)**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Steric Paul Mitchell's Motion to Dismiss Indictment (Delayed Indictment and Selective Prosecution) (Doc. 81), filed August 15, 2014. On December 17, 2014, the court held a hearing on Defendant Steric Paul Mitchell's ("Mitchell" or "Defendant") Motion to Dismiss Indictment (Based on Selective Prosecution).[1]  Defendant maintains that, at the end of a police interrogation, an officer of the Duncanville Police Department stated, "I'm tired of you black guys from South Dallas thinking you can abuse white girls and get away with it. You're going to the Feds." Def.'s Mot. To Dismiss Indictment (Doc. 81) 5.  He also asserts that an "African-American female who worked the desk at the Duncanville jail" told him that she did not believe the kidnapping story and asked Defendant, "It was a white girl, wasn't it?" Defendant argues that these two statements constitute prima facie evidence for his selective prosecution claim. The government, however, argues that Defendant must show that other similarly situated defendants in the same position were not prosecuted. According to the government, Defendant has not carried this burden.

---

[1] The court will address Defendant's allegations related to a delayed indictment in a separate order.

**Memorandum Opinion and Order - Page 1**

After the hearing on December 17, 2014, the court requested that the parties submit additional briefing as to whether direct evidence of racial animus renders the similarly situated requirement unnecessary. On December 24, 2014, Defendant submitted his Supplemental Brief on Selective Prosecution Motion (Doc. 129), and on December 30, 2014, the government filed the Government's Supplemental Opposition to Mitchell's Motion to Dismiss the Indictment for Selective Prosecution (Doc.131).

Defendant argues that the requirement to show that other similarly situated defendants in the same position were not prosecuted applies only when direct evidence of racial animus is lacking. Defendant cites *U.S. v. Armstrong*, 517 U.S. 456 (1996), which sets forth the similarly situated requirement, and specifically relies on a footnote therein in which the Court states, "We reserve the question whether a defendant must satisfy the similarly situated requirement in a case 'involving direct admissions by [prosecutors] of discriminatory purpose.'" 517 U.S. at 469 n.3 (citation omitted). Defendant analogizes the standard for selective prosecution to that required in the civil context for employment discrimination and argues that, just as the *McDonnell-Douglas* framework does not apply when there is direct proof of discrimination, the similarly situated requirement does not apply when there is direct evidence of racial animus. Def.'s Supplemental Br. 2. Defendant concludes that the "employment discrimination rubric provides this Court with persuasive authority . . . ." *Id.* at 3.

The government asserts that Defendant "fails to point to a single case — let alone one from the Fifth Circuit — that has ordered discovery on the theory that direct evidence of discrimination overrides *Armstrong's* requirements." Gov.'s Supplemental Br. 2. The government relies on *Armstrong* and other subsequent Supreme Court authority to support its contention that a *prima facie*

**Memorandum Opinion and Order - Page 2**

case of selective prosecution requires a showing that other similarly situated defendants in the same position were not prosecuted.

The court is unpersuaded by Defendant's argument, as *Armstrong* sets forth the standard for a selective prosecution claim in no uncertain terms. Comparing a selective prosecution claim to employment discrimination in the civil context is inappropriate, as "the requirements for a selective-prosecution claim draw on 'ordinary equal protection standards.'" 517 U.S. at 465. According to the Court:

> The claimant must demonstrate that the federal prosecutorial policy "had a discriminatory effect and that it was motivated by a discriminatory purpose." . . . . To establish a discriminatory effect in a race case, the claimant *must show that similarly situated individuals of a different race were not prosecuted*. This requirement has been established in our case law since *Ah Sin v. Wittman*, 198 U.S. 500, 25 S.Ct. 756, 49 L.Ed. 1142 (1905).

*Id.*

Moreover, *U.S. v. Bass,* 536 U.S. 862 (2002), continues to refer to the similarly situated requirement with clear and unequivocal language. 536 U.S. at 864 (reversing the lower court's decision because the respondent in that case relied on statistics to support his showing of discriminatory effect, and the Court found that "raw statistics regarding overall charges say nothing about charges brought against similarly situated defendants.").[2] In describing the requirements of *Armstrong*, the Court stated that a defendant must have evidence of both a discriminatory effect *and*

---

[2] Moreover, the Court rejected the respondents' arguments that "*Batson v. Kentucky*, 476 U.S. 79 (1986) . . . , and *Hunter v. Underwood*, 471 U.S. 222 (1985) . . . , cut against any absolute requirement that there be a showing of failure to prosecute similarly situated individuals." *Armstrong*, 517 U.S. at 467. The Court's response was succinct and unambiguous: "We disagree." *Id.*

**Memorandum Opinion and Order - Page 3**

a discriminatory intent, and to establish a discriminatory effect, the defendant must make a "'credible showing' that 'similarly situated individuals of a different race were not prosecuted.'" *Id.* at 863 (quotation omitted).

To establish a *prima facie* case for selective prosecution, a defendant must make a "two-pronged showing." *U.S. v. Webster*, 162 F.3d 308, 334 (5th Cir. 1998). First, a defendant must establish discriminatory effect by making "a prima facie showing that he has been singled out for prosecution but others similarly situated of a different race were not prosecuted," and second, he must show discriminatory intent by establishing "that the discriminatory selection of him for prosecution is invidious or in bad faith." *Id.* Defendant attempts to bypass the first prong; that is, Defendant argues that it is unnecessary prove discriminatory effect by showing that other similarly situated defendants in the same position were not prosecuted. The authorities cited, however, make clear that "a defendant must first present evidence of *both* discriminatory effect and discriminatory intent." *In re U.S.*, 397 F.3d 274, 284 (5th Cir. 2005) (citation omitted) (emphasis in original).

Defendant correctly points out that, in a footnote, the Court reserves the question as to whether a the similarly situated requirement applies when there is direct evidence of *prosecutors* acting with a discriminatory purpose. *Armstrong*, 517 U.S. at 469 n.3 (citation omitted). This footnote does not advance Defendant's arguments for two reasons. First, he has failed to cite any cases supporting his proposition that direct evidence can circumvent the similarly situated requirement. Second, even if he did, the evidence he has presented to the court does not fall within the scope of the reservation made by the Supreme Court, as Defendant's evidence does not show the *prosecution's* discriminatory purpose. Rather, Defendant's evidence primarily concerns statements made by an officer while he was at the Duncanville Police Department.

**Memorandum Opinion and Order - Page 4**

Even if the court accepted and applied Defendant's articulation of the standard governing selective prosecution claims, Defendant has not overcome the presumption of regularity that applies when an United States Attorney decides to prosecute a defendant. *Armstrong*, 517 U.S. at 464. Absent "'clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties.'" *Id.* (citations omitted). "'[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [her] discretion.'" *Id.* (citations omitted). While this presumption is "subject to constitutional constraints," Defendant has presented no evidence that the attorneys prosecuting this case based the decision to prosecute on "'an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Id.* (citations omitted).

Defendant has not carried his burden, as he failed to satisfy the similarly situated requirement and failed to overcome the presumption of regularity. Accordingly, the court **denies** Defendant's Motion to Dismiss Indictment (Based on Selective Prosecution).

**It is so ordered** this 28th day of January, 2015.

                                         *Sam A. Lindsay*
                                         Sam A. Lindsay
                                         United States District Judge