IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. **3:13-CR-128-L-1** |
| | § | |
| **STERIC PAUL MITCHELL (1)**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court Defendant Steric Paul Mitchell's Motion to Dismiss Indictment (Based On Delayed Indictment) (Doc. 81), filed August 15, 2014.* After careful consideration of the motion, response, and applicable law, the court **denies** Defendant Steric Paul Mitchell's Motion to Dismiss Indictment (Based On Delayed Indictment).

Defendant StericPaul Mitchell ("Defendant" or "Mitchell") argues that the court should dismiss Mitchell's Indictment because the government did not timely present the case to the Grand Jury and also violated the Speedy Trial Act. The government contends that Defendant's claims are "meritless," that he has not carried his burden, and that the Speedy Trial Act does not apply.

**I.   Analysis**

   **A.   Delayed Indictment**

Defendant argues that the federal government delayed bringing an indictment against him and that such delay prejudiced his ability to defend himself. The government contends that

---

* The court addressed the parties' arguments regarding selective prosecution in a separate order.

**Memorandum Opinion and Order - Page 1**

Defendant has presented no evidence that the prosecutor intended to delay the indictment and has also failed to show that he suffered any actual prejudice.

Defendant has the burden to prove that: "(1) the prosecutor intentionally delayed the indictment to gain a tactical advantage, and (2) the defendant incurred actual prejudice as a result of the delay." *U.S. v. Beszborn*, 21 F.3d 62, 66 (5th Cir. 1994) (citing *United States v. Amuny*, 767 F.2d 1113 (5th Cir.1985)). Moreover, as to actual prejudice, "[t]he law is well settled that it is actual prejudice, not possible or presumed prejudice, which is required to support a due process claim." *Id.* For the reasons described below, Defendant has not satisfied either of these elements, and therefore, he has failed to carry his burden in esdtablishing preindictment delay.

Defendant has not offered any evidence to support his contention that the prosecutor intentionally delayed the indictment to gain a tactical advantage. Defendant asserts that he was arrested by state officers on May 7, 2012, and that he was held for 11 months before he was indicted. Although he was in state custody until some time after he was indicted by the federal government on April 10, 2013, Defendant contends that the federal government was "in control of this investigation from the very beginning." Def.'s Mot. To Dismiss Indictment (Delayed Indictment) 1-2. The court, however, needs more evidence than the bare assertions of Defendant to find that the prosecutor intentionally delayed bringing an indictment to gain an advantage.

Moreover, even if Defendant satisfied his burden as to the first element, he has not satisfied his burden with regards to the second element; that is, he has not shown actual prejudice. Defendant contends that he suffered prejudice, because "money from the state of Texas was not expended in

furtherance of his defense"; "no meaningful investigation was done"; transient witnesses' memories faded; and Mitchell's father, who was allegedly present with Mitchell during the time of the alleged crime, died. *Id.* at 4.

The government argues that Defendant has not satisfied his burden and rejects each of Defendant's reasons for prejudice. Regarding Defendant's contention that no meaningful investigation was done while he was in state custody, the government maintains that his case was both "litigated and investigated on the state's dime until his federal indictment." *Id.* at 4; *see also* Gov't's Ex. A (showing Mitchell was appointed counsel; that his counsel participated in an examining trial and cross-examined Detective David Moon; that his counsel signed eight pass slips for the case; that Mitchell was appointed new counsel; that the new counsel signed an additional pass slip; and that state prosecutors disclosed evidence relating to their case before Mitchell was transferred to federal custody).

As to Defendant's contention that witnesses' memories faded and transient witnesses are no longer available, the government contends that these are vague, unspecific, and unsubstantiated, and accordingly, they are not enough to show actual prejudice. Mitchell's contention that his father passed away does not explain "how the absence of incarceration at the state would have hastened the federal investigation such that his father would have been able to testify." Gov't's Opp'n to Def.'s Mot. 6. Moreover, Defendant does not show how the fading memories of transient witnesses and the death of his father would cause him *actual* prejudice. *See Beszborn*, 21 F.3d at 66 (holding that the district court erred when it "relied upon the death or relocation of potentially material witnesses and the movement and misplacement of several documents in its finding of apparent prejudice, without an actual showing of prejudice by defendants."). Defendant has not produced evidence that

"the testimony of any of these witnesses was exculpatory in nature, or that it would have actually aided the defense." *Id.*  Thus, nothing presented by Defendant shows "actual prejudice, [as opposed to] possible or presumed prejudice." *Id.*

    B.    **Speedy Trial Act**

The Speedy Trial Act does not provide a basis for dismissing the indictment, as it only applies to federal detentions. The Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161.  Defendant contends that his state detention and federal detention exceeded the thirty-day period allotted in the Speedy Trial Act.  He maintains that he "was detained by the State of Texas as a ruse (as defined by applicable case law) to circumvent the Speedy Trial Act's requirements for the primary or exclusive purpose of prosecuting him under Federal Law." Def.'s Mot. To Dismiss (Delayed Indictment) 5.

As the government correctly argues, for purposes of the Speedy Trial Act, arrest means that an individual is "'taken into custody after federal arrest for purpose of responding to a federal charge.'" Gov't's Opp'n to Def.'s Mot. 10 (citing *U.S. v. De La Pena-Juarez*, 214 F.3d 594, 598 (5th Cir. 2000)).  There is an exception to this rule that applies "where the defendant demonstrates that the primary or exclusive purpose of the civil detention [or state detention] was to hold him for future criminal prosecution." *De La Pena-Juarez*, 214 F.3d at 598.  "[T]he 'ruse exception' is an effective way of protecting against the possibility of collusion between federal criminal authorities and civil or state officials." *Id.*

Defendant, however, has not presented sufficient evidence to support application of the ruse exception. As in *De La Pena-Juarez*, Defendant "presents absolutely no evidence of collusion" between the federal government and the state of Texas. *Id.*; *see also U.S. v. Mooneyham*, 376 F. App'x 440, 441-42 (5th Cir. 2010) (holding that Defendant's time in state custody did not trigger the 30-day time period under the Speedy Trial Act, because "there had been no such collusion warranting dismissal."). Therefore, Defendant has not carried his burden, and dismissal of the indictment is not proper.

## II.   Conclusions

For the reasons herein stated, the court **denies** Defendant Steric Paul Mitchell's Motion to Dismiss Indictment (Based On Delayed Indictment).

**It is so ordered** this 28th day of January, 2015.

*[signature]*
Sam A. Lindsay
United States District Judge